UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LOCAL 513, INTERNATIONAL UNION OF OPERATING ENGINEERS, AFL-CIO; LOCAL UNION 513 PENSION FUND; LOCAL UNION 513 HEALTH AND WELFARE FUND; LOCAL UNION 513 SUPPLEMENTAL VACATION FUND; LOCAL UNION 513 ANNUITY FUND; LOCAL UNION 513 JOINT APPRENTICESHIP TRAINING FUND, RICHARD D. DICKENS, In His Capacity As Chairman of the Board of Trustees of Said Funds,<br><br>    Plaintiffs,<br><br>v.<br><br>A.L.L. CONSTRUCTION, LLC, d/b/a ALL CONSTRUCTION,<br><br>    Serve: Anton L. Lumpkins<br>            4427 Geraldine<br>            St. Louis, MO 63115<br><br>    Defendant. | )))))))))))))))))))))))))    Cause No. |

## COMPLAINT

COME NOW Plaintiffs, by and through undersigned Counsel, and for their Complaint against Defendants, state as follows:

### Parties

1. Plaintiff Local Union 513, International Union of Operating Engineers, AFL-CIO (hereinafter "Local No. 513" or "Union"), is a voluntary unincorporated association existing pursuant to the laws of the State of Missouri, is an "employee organization" within the meaning of Section 3(4) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA"), as

amended, 29 U.S.C. § 1002(4) and is a labor organization within the meaning of Section 1(5) of the Labor-Management Relations Act of 1947 (hereinafter "LMRA"), as amended, 29 U.S.C. § 151(5).

2. Plaintiff Local Union 513 Pension Fund (hereinafter "Pension Fund") is an employee benefit plan within the meaning of Sections 3(1) and (3), 502 and 515 of ERISA, 29 U.S.C. §§ 1002(1), (3), 1132 and 1145. Plaintiff Richard D. Dickens is the Chairman and duly designated Trustee of the Pension Fund and is a fiduciary within the meaning of Section 3(21)(A) and 502 of ERISA, 29 U.S.C. §§ 1002(21)(A) and 1132. Plaintiff Dickens is authorized to maintain this cause of action pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), to enforce the terms of an ERISA plan.

3. Plaintiff Local Union 513 Health and Welfare Fund (hereinafter "Health and Welfare Fund") is an employee benefit plan within the meaning of Sections 3(1) and (3), 502 and 515 of ERISA, 29 U.S.C. §§ 1002(1), (3), 1132 and 1145. Plaintiff Richard D. Dickens is the Chairman and duly designated Trustee of the Health and Welfare Fund and is a fiduciary within the meaning of Sections 3(21)(A) and 502 of ERISA, 29 U.S.C. §§ 1002(21)(A) and 1132. Plaintiff Dickens is authorized to maintain this cause of action pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), to enforce the terms of an ERISA plan.

4. Plaintiff Local Union 513 Supplemental Vacation Fund (hereinafter "Supplemental Vacation Fund") is an employee benefit plan within the meaning of Sections 3(1) and (3), 502 and 515 of ERISA, 29 U.S.C. §§ 1002(1), (3), 1132 and 1145. Plaintiff Richard D. Dickens is the Chairman and duly designated Trustee of the Supplemental Vacation Fund and is a fiduciary within the meaning of Section 3(21)(A) and 502 of ERISA, 29 U.S.C. §§ 1002(21)(A) and 1132. Plaintiff

Dickens is authorized to maintain this cause of action pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), to enforce the terms of an ERISA plan.

5. Plaintiff Local Union 513 Annuity Fund (hereinafter "Annuity Fund") is an employee benefit plan within the meaning of Sections 3(1) and (3), 502 and 515 of ERISA, 29 U.S.C. §§ 1002(1), (3), 1132 and 1145. Plaintiff Richard D. Dickens is the Chairman and duly designated Trustee of the Annuity Fund and is a fiduciary within the meaning of Sections 3(21)(A) and 502 of ERISA, 29 U.S.C. §§ 1002(21)(A) and 1132. Plaintiff Dickens is authorized to maintain this cause of action pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), to enforce the terms of an ERISA plan.

6. Plaintiff Local Union 513 Joint Apprenticeship Training Fund (hereinafter "JATF") is an employee benefit plan within the meaning of Sections 3(1) and (3), 502 and 515 of ERISA, 29 U.S.C. §§ 1002(1), (3), 1132 and 1145. Plaintiff Richard D. Dickens is the Chairman and duly designated Trustee of the Joint Apprenticeship Training Fund and is a fiduciary within the meaning of Sections 3(21)(A) and 502 of ERISA, 29 U.S.C. §§ 1002(21)(A) and 1132. Plaintiff Dickens is authorized to maintain this cause of action pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), to enforce the terms of an ERISA plan.

7. Together, the foregoing Pension Fund, Health and Welfare Fund, Supplemental Vacation Fund, Annuity Fund and JATF shall be referred to as the "Plaintiff Funds."

8. Defendant A.L.L. Construction, LLC, d/b/a A.L.L. Construction (hereinafter "A.L.L. Construction" or "Defendant"), is a Missouri Limited Liability Company authorized to do business in the State of Missouri and maintaining its principal place of business at 4427 Geraldine, St. Louis, MO 63115, within the territorial jurisdiction of this Court.

9. Upon information and belief, Anton L. Lumpkins (hereinafter "Lumpkins") is the sole member, officer, director, shareholder and/or owner of A.L.L. Construction, L.L.C., d/b/a A.L.L. Construction.

10. Defendant is an employer in an industry effecting commerce within the meaning of Sections 3(5), (11), (12) and 515 of ERISA, as amended, 29 U.S.C. §§ 1002(5), (11), (12) and 1145, and of §§ 2(2), (6) and (7) of the LMRA, 29 U.S.C. §§ 152(2), (6) and (7).

## Jurisdiction and Venue

11. This Court has jurisdiction by virtue of Sections 502(a)(3) and 515 of ERISA, as amended, 29 U.S.C. § 1132(a)(3) and 1145, and Section 301(a) and (c) of the LMRA, as amended, 29 U.S.C. § 185(a) and (c), in that Plaintiff Dickens is a fiduciary who seeks to enforce the provisions of the Plaintiff Funds and the Union is suing for violations of its Collective Bargaining Agreement or Agreements with A.L.L. Construction.

12. This Court has personal jurisdiction over Defendant pursuant to ERISA Section 502(e), 29 U.S.C. § 1132(e) and pursuant to LMRA § 301(a), 29 U.S.C. § 185(a).

13. Venue is proper pursuant to ERISA Section 502(e)(2), 29 U.S.C. § 1132 and LMRA § 301, 29 U.S.C. § 185, in that the Plaintiff Funds are administered within the jurisdiction of this Court, because Local 513 maintains its principal office within the jurisdiction of this Court and because all Defendant resides or may be found within the jurisdiction of this Court.

## COUNT I

14. At all times relevant hereto, A.L.L. Construction was signatory to one or more Collective Bargaining Agreements (the "Agreement(s)") with Local 513.

15. Pursuant to the terms of the Agreement(s) and certain Trust documents adopted by the Trustees of the Plaintiff Funds, A.L.L. Construction was required to submit monthly report forms and contributions at specified hourly rates for work performed by its employees in covered employment under the Collective Bargain Agreement or Agreements.

16. The contributions referred to in paragraph 15, which must be made on Contribution Report Forms, are due with payment by the 20th of each month for work performed in the preceding month.

17. The Agreement(s) and the Trust documents also provide for the rights of the Union and the Trustees to enforce the terms of the Collective Bargaining Agreements and Trust documents and to collect delinquent contributions owed to the Funds, liquidated damages, interest, attorneys' fees, audit fees and other costs of collection.

18. For the period of January 2007 through the date of this Complaint, A.L.L. Construction has failed and refused to submit Contribution Report Forms or payments to the Union, or to the Plaintiff Funds.

19. Since Defendant has failed to submit contributions for this period, the full extent of the amounts owed to Plaintiffs cannot be known without an audit of Defendant's records.

20. Upon information and belief, A.L.L. Construction owes additional contributions for periods prior to January 2007, which cannot be known without an audit.

21. Plaintiffs have demanded the submission of Contribution Report Forms and payments, but A.L.L. Construction has unreasonably failed and refused to make any payments.

22. Plaintiffs have also demanded an audit of A.L.L. Construction, but A.L.L. Construction has failed and refused to permit an audit to take place.

23. In addition to the delinquent contributions owed, Defendant is required by the terms of ERISA § 502(g), 29 U.S.C. § 1132(g) and of the Collective Bargaining Agreements and Trust documents to pay liquidated damages of Twenty Percent (20%) of all delinquent contributions owed, as well as interest, liquidated damages, Court costs, accounting fees and reasonable attorneys' fees, in an amount to be determined by the Court, but not less than Thirty-Three and One-Third Percent (33-1/3%) of the amount collected pursuant to this litigation.

WHEREFORE, Plaintiffs pray that the Court:

    a.    Enter an Interlocutory Order of accounting requiring A.L.L. Construction to submit its books and records to an accountant selected by Plaintiffs to determine the amount of the total delinquency owed to Plaintiffs to-date;

    b.    Enter Judgment for Plaintiffs and against A.L.L. Construction in the amount of any and all contributions determined to be due and owing through said audit;

    c.    Enter an Order awarding Plaintiffs liquidated damages on all amounts owed, interest, costs, audit and accounting fees and reasonable attorneys' fees, but in no event less than Thirty-Three and One-Third Percent (33-1/3%) of the amount awarded in the judgment; and

    d.    Enter Orders for such further relief as the Court deems proper in the premises.

Respectfully submitted,

BARTLEY GOFFSTEIN, L.L.C.

JAMES R. KIMMEY III, No. 112019
4399 Laclede Avenue
St. Louis, MO 63108
(314) 531-1054 Telephone
(314) 531-1131 Facsimile
jkimmey@bgbllaw.com
Attorneys for Plaintiffs

F:\Users\JRK\Local 513\A.L.L. Construction\Complaint.wpd